IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUILLERMO ALEXANDER BRAN,  No. 2:19-CV-0631-DMC-P

    Plaintiff,

    v.  ORDER

YUBA COUNTY JAIL, et al.,

    Defendants.

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (ECF No. 10).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Notably, plaintiff does not set forth any reasons whatsoever justifying a court order directing an attorney to undertake his case. Plaintiff motion consists of one sentence: "I hereby request that counsel be appointed in this matter so that my interests may be protected by the professional assistance required." ECF No. 10. The court notes that many litigants, including prisoners, successfully litigate their cases on their own. Plaintiff has not asserted, let alone shown, exceptional circumstances indicating that he cannot. As to the merits of this case, which appears at this pre-screening stage to involve allegations of constitutional violations related to medical care, the issues are generally not complex in such cases. The court is also unable at this stage of the proceedings to say plaintiff has any particular likelihood of success on the merits. Finally, as demonstrated by plaintiff's complaint, which is detailed and reasonably well-organized, the record shows that he is able to articulate his claims on his own.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 10) is denied.

Dated: August 13, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE