UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO ALEXANDER BRAN,<br><br>Plaintiff,<br><br>v.<br><br>YUBA COUNTY JAIL, et. al.,<br><br>Defendant. | No. 2:19-CV-0631-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's complaint (ECF No. 1) and Plaintiff's motion for appointment of counsel (ECF No. 12). Plaintiff alleges Defendants violated his rights under the Eighth Amendment, Fourth Amendment, Fourteenth Amendment, and First Amendment.

### I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named four defendants: (1) Yuba County Jail, (2) I.C.E. Detention Medical Staff Administration, (3) Nurse Sulma, and (4) C.O. Houston. Plaintiff alleges Defendants violated his Eighth Amendment, Fourth Amendment, Fourteenth Amendment, and First Amendment rights. Specifically, Plaintiff alleges he was transferred to immigration detention located in the Yuba County jail. While there, Plaintiff asserts he suffered serious dental pain that was left untreated for several months. Plaintiff claims he broke his toe on his right foot when he fell down from a bunk bed and that he received inadequate medical attention thereafter. Plaintiff alleges Defendant Sulma refused to provide him an x-ray or an ice pack, and instead told

2

him to fill out a medical request form because "that isn't an emergency."  After Plaintiff filled out the medical request form he contends he still never received treatment.  Plaintiff alleges Defendant Houston then denied him a grievance from and threatened to write Plaintiff up for "no reason at all."  Plaintiff further alleges Defendant Houston "acted with discrimination by use [of] verbal misconduct against Plaintiff."

Plaintiff alleges on or about September 27, 2018, he was transferred to Sacramento immigration court by ICE officials, who failed to provide him with his medication for a chronic medical condition.  Plaintiff alleges ICE officials failed to provide him this medication on two additional occasion—October 1, 2018, and November 2, 2018.  Plaintiff claims this caused him to choke, stop breathing for one minute, vomit, have chronic stomach pain, and acid reflux.

### III.  ANALYSIS

Plaintiff's Eighth Amendment claim against Defendant Sulma is sufficient to pass screening.  Plaintiff's remaining claims fail to meet the pleading standard outlined in Rule 8.

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief."  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)).  Claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

///

Here, Plaintiff fails to meet the pleading standard as to all of his claims except the Eighth Amendment claim against Defendant Sulma. Plaintiff's remaining claims fail to tie an individual defendant with an alleged constitutional violation. Rather, Plaintiff simply alleges that "Defendants" violated his rights, without specifying which Defendant violated the stated constitutional right or how the specific Defendant violated the stated constitutional rights. Because Plaintiff fails to link individual Defendants to specific constitutional violations, Plaintiff has failed to satisfy the Rule 8 pleading standard. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). For that reason, these claims cannot proceed past screening. However, Plaintiff will be provided an opportunity to amend.

## IV. AMENDING THE COMPLAINT

Because it may be possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167

(9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

## V.  MOTION FOR APPOINTMENT OF COUNSEL

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances.  This motion appears to be largely the same as Plaintiff's first motion for appointment of counsel, which was denied by this Court on August 14, 2019.  Plaintiff has again failed to show exceptional circumstances indicating he is unable to successfully litigate his own case. Further, there is no indication Plaintiff will have any success on the merits of his complaint. This Court was only able to identify one claim that was capable of passing screening and there is

5

no indication this claim is likely to succeed on the merits. Further, all remaining claims fail to meet the Rule 8 pleading standards and thus they have no likelihood of success on the merits. For these reasons, Plaintiff's motion for appointment of counsel must be denied.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may file a first amended complaint within 30 days of the date of service of this order; and

2. Plaintiff's motion for appointment of counsel is DENIED.

Dated: September 9, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6