# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO ALEXANDER BRAN,<br><br>Plaintiff,<br><br>v.<br><br>YUBA COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:19-CV-0631-KJM-DMC-P<br><br>FINDINGS AND RECCOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 15).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Guillermo Alexander Bran names the following as defendants (1) Yuba County Jail, (2) Immigration and Customs Enforcement (ICE) Detention Medical Staff Administration, (3) Nurse Sulma, and (4) C.O. Houston. See ECF No. 15, pg. 1.

Plaintiff is currently an inmate at Yuba County Jail in Marysville, California. Id. at 4. On April 26, 2018, ICE agents transported plaintiff from Soledad State Prison. Id. The prison's medical staff provided him with medication for thirty days, but the ICE agents confiscated it. Id. That same day, plaintiff was moved to an ICE detention center in Yuba County Jail, California. Id. He informed the jail staff of his medical condition and requested his needed medication the following day. Id. However, he did not receive this medication until May 1, 2018. Id. Plaintiff alleges that this five-day delay caused him great distress in the form of chronic acid reflux, headache, fever, and an inability to sleep, walk, or eat. Id.

Plaintiff claims that defendant ICE agents transported him to Immigration Court in Sacramento without his medication on several occasions. Id. Plaintiff attributes this to a failure on the part of the Yuba County Jail medical staff to inform the ICE agents of his need for the medication. Id. Plaintiff maintains that he also suffered from serious dental pain, did not receive appropriate dental attention, and continues to suffer from this pain. Id. Plaintiff's dental problems were allegedly exacerbated when a doctor erroneously removed one of his teeth. Id. Plaintiff further asserts that he submitted multiple requests for eye glasses, but that his receipt of those glasses was delayed until July 2018. Because of this delay, plaintiff was unable to work on his immigration case due to his poor vision and difficulty in writing legal documents. Id.

///

According to plaintiff, on October 8, 2018, plaintiff fell down from his bunk and broke his right toe. He was prescribed ibuprofen for seven days but did not receive any X-ray scans nor ice packs. Id. On October 10, 2018, defendants Sulma and Houston worked together to provide inmates medication in plaintiff's L-dormitory. Plaintiff requested an ice-pack but defendant Sulma denied the request. Id. On November 2, 2018, after his return from Immigration Court to Yuba County Jail, plaintiff made a request to Houston for his medication. Houston told him he would provide it within 30 minutes. However, when Houston returned with Sulma, they did not provide him the medication, stating that he was off the time schedule. Id. On November 3, 2018 at 4:45 am, plaintiff started to choke in his bunk. Id. Plaintiff vomited and suffered chronic stomach pain and acid reflux due to Houston's failure to provide him the needed medication the day before. Id.

## II. DISCUSSION

Plaintiff's Eighth Amendment claims against Defendants Sulma and Houston are sufficient to pass screening.[1] However, Plaintiff's remaining claims fail to meet the pleading standard outlined in Rule 8 as to any of the other named defendants. Plaintiff also fails to adequately allege liability as against defendant Yuba County Jail.

### A. Rule 8

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

///
///

---

[1] By separate order issued herewith, the court has directed plaintiff to submit documents necessary for service of the first amended complaint on defendants Sulma and Houston.

Given this pleading standard, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff fails to meet the pleading standard as to all of his claims except the Eighth Amendment claims against Defendants Sulma and Houston. Besides providing some clarification as to the alleged misconduct of Sulma and Houston, plaintiff's amended complaint remains unchanged. As such this court's analysis in its previous dismissal order remains valid. See ECF No. 13, pgs. 3-4.

Plaintiff's remaining claims fail to tie an individual defendant with an alleged constitutional violation. Rather, plaintiff simply alleges that "defendants" violated his rights, without specifying which defendant violated the stated constitutional right or how the specific defendant violated the stated constitutional rights. Because plaintiff fails to link individual defendants to specific constitutional violations, plaintiff has failed to satisfy the Rule 8 pleading standard. See Kimes, 84 F.3d at 1129. Since plaintiff's amended complaint remains substantially unchanged from his previous pleading, it appears that granting further leave to amend will not remedy these deficiencies.

///
///
///
///

**B.     Municipal Liability**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Here, plaintiff's first amended complaint, as with the original complaint, contains no allegations specific to defendant Yuba County Jail. In particular, plaintiff does not allege the existence of any policy, custom, or practice of defendant Yuba County Jail that cause the constitutional violations about which plaintiff complains.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.     This action proceed on the first amended complaint on plaintiff's Eighth Amendment claims against defendants Sulma and Houston only; and

2.     All other claims and defendants be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of

objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 5, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE