IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO ALEXANDER BRAN,<br><br>Plaintiff,<br><br>v.<br><br>SULMA, et al.,<br><br>Defendants. | No. 2:19-CV-0631-DMC-P<br><br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

Pending before the Court is Defendant Houston's unopposed motion for summary judgment, ECF No. 40.¹ Defendant Houston contends, among other things, that Plaintiff failed to properly exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA). ECF No. 40, pg. 13. As explained below, the Court agrees.

/ / /

/ / /

---

¹ Defendant Sulma, who is represented by separate counsel, does not join in Defendant Houston's motion.

1

## I. BACKGROUND

This action currently proceeds on Plaintiff's first amended complaint. See ECF No. 15. Plaintiff, Guillermo Alexander Bran, names the following as defendants: (1) Yuba County Jail; (2) Immigration and Customs Enforcement (ICE) Detention Medical Staff Administration; (3) Sulma, a nurse at Yuba County Jail; and (4) Houston, a correctional officer at Yuba County Jail. See id. Defendants Yuba County Jail and ICE Detention Medical Staff Administration have been dismissed. See ECF No. 24 (District Judge order adopting findings and recommendations). Because the current motion only relates to Defendant Houston the Court will direct its analysis towards Plaintiff's allegations and evidence regarding Defendant Houston.

Plaintiff alleges that at Yuba County Jail on October 8, 2018, he fell from his bunk and broke his toe on his right foot. See ECF No. 15, pg. 4. Plaintiff was prescribed ibuprofen for seven (7) days but did not receive an x-ray or icepack. See id. On October 10, 2018, Defendants Sulma and Houston worked "together to provide inmate medication." Id. Plaintiff requested an icepack, but Defendant Sulma denied Plaintiff's request. See id.

On November 2, 2018, Plaintiff was transferred to the Sacramento Immigration Court. See id. at 5. The officials there "failed to prvide [sic] him his medication for his cronic [sic] medical condition." Id. This caused Plaintiff serious injuries. Id. Plaintiff went back to Yuba County Jail and told Defendant Houston that Plaintiff needed his Prilosec medication for acid reflux and stomach ulcers. See id. Plaintiff was feeling sick with stomach pain. See id. Defendant Houston "said he will pass the medication out in 30 minutes." Id. According to Plaintiff, Defendants Sulma and Houston did not provide Plaintiff with Prilosec. See id.

On November 3, 2018, at 4:45 in the morning, Plaintiff "was sleeping on his bunk and started to choke." Id. Plaintiff was vomiting, had stomach pain, and acid reflux. See id. All of this was because Plaintiff missed his Prilosec dose. See id.

Plaintiff alleges an Eighth Amendment violation against Defendant Houston for failure to provide an icepack for Plaintiff's toe and for causing Plaintiff severe stomach issues because Defendant Houston's failure to provide Plaintiff his dose of Prilosec. Plaintiff's other claims against Houston have been dismissed. See ECF No. 24.

## II. DEFENDANT'S EVIDENCE

Defendant Houston properly includes a Statement of Undisputed Facts alongside his motion for summary judgment. See ECF No. 40-2. As support, Defendant attaches exhibits from the Yuba County Jail (YCJ) Grievances and Responses record and declarations from Captain Allan Garza. Plaintiff has not opposed Defendant Houston's motion nor disputed any of Defendant Houston's facts.

The undisputed facts submitted by Defendant Houston in relevant part are as follows:

> 46.  Mr. Bran's grievance dated October 25, 2018 (Incident No. 00071168), the grievance does not name Officer S. Houston or mention any toe injury sustained by Mr. Bran in October 2018. Further, none of the YCJ jail records of Bran's grievances contain any grievances by Mr. Bran relating to a toe injury or allegations that YCJ staff failed to provide him with ice for an injury (see Exhibit D, pages 025-028). Garza Dec., ¶ 12 and attached Guillermo Bran's YCJ Grievances and Responses; see October 25, 2018 (Incident No. 00071168) grievance and response, pages 023-026 (Ex. F).
>
> 47.  On November 3, 2018, Plaintiff Bran filed a medical grievance (Incident No. 00071441) relating to allegedly missing his stomach medication when attending ICE court on several dates: 9/27/2018, 19/1/2018, and 11/3/2018. Garza Dec., ¶ 13 and attached Guillermo Bran's YCJ Grievances and Responses; see November 3, 2018 (Incident No. 00071441) medical grievance and response, pages 016-020 (Ex. E).
>
> 48.  The YCJ records reflect that at 2000 hours on November 3, 2018, under the supervisor of Sgt. Little, Hearing Officer Cotie Spear, RN presided over a hearing on Mr. Bran's medical grievance relating to his missed stomach medication. Mr. Bran's grievance was resolved and closed at the hearing. The record reflects that he did not appeal the results of the hearing to the grievance panel, which is the third and final level of administrative review. Garza Dec., ¶ 14 and attached Guillermo Bran's YCJ Grievances and Responses; see November 3, 2018 (Incident No. 00071441) medical grievance and response, page, 019, pages 001-028 (Ex. E).

See ECF No. 40-2.

///
///
///
///
///

## III. STANDARD FOR SUMMARY JUDGEMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### IV. DISUCSSION

Defendant Houston argues that Plaintiff failed to exhaust administrative remedies. See ECF No. 40-3, pgs. 12-15. Specifically, Houston contends that Plaintiff failed to file a grievance at all related to Plaintiff's injured toe and denial of ice, see id. at 14, and that Plaintiff did not appeal the results of the hearing concerning the missed dose of Prilosec to the grievance panel, the third and final level of administrative review. See id. at 15. The Court agrees.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

1  while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The
2  Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and
3  held:  (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint
4  because lack of exhaustion is an affirmative defense which must be pleaded and proved by the
5  defendants; (2) an individual named as a defendant does not necessarily need to be named in the
6  grievance process for exhaustion to be considered adequate because the applicable procedural
7  rules that a prisoner must follow are defined by the particular grievance process, not by the
8  PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not
9  all, claims are unexhausted.  The defendant bears burden of showing non-exhaustion in the first
10 instance.  See Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014).  If met, the plaintiff bears the
11 burden of showing that the grievance process was not available, for example because it was
12 thwarted, prolonged, or inadequate.  See id.

13          The Supreme Court held in Woodford v. Ngo that, in order to exhaust
14 administrative remedies, the prisoner must comply with all of the prison system's procedural
15 rules so that the agency addresses the issues on the merits.   548 U.S. 81, 89-96 (2006).  Thus,
16 exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.
17 Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance
18 which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id.
19 at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the
20 quantity of prisoner suits "because some prisoners are successful in the administrative process,
21 and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.
22 When reviewing exhaustion under California prison regulations which have since been amended,
23 the Ninth Circuit observed that, substantively, a grievance is sufficient if it "puts the prison on
24 adequate notice of the problem for which the prisoner seeks redress. . . ."  Griffin v. Arpaio, 557
25 F.3d 1117, 1120 (9th Cir. 2009); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010)
26 (reviewing exhaustion under prior California regulations).
27 / / /
28 / / /

1    The Court finds that Defendant Houston has met his burden of showing the
2 absence of any genuine issue of material fact.  Plaintiff failed to file a grievance as to Plaintiff's
3 injured toe and denial of an icepack.  See ECF 40-2, pg. 15.  Plaintiff failed to appeal to the final
4 level the hearing decision concerning Plaintiff's missed dose of Prilosec.  See id. at 16.  Plaintiff
5 has not attempted to establish any dispute by presenting evidence to the contrary.  Nor has
6 Plaintiff come forward with evidence that generally available administrative remedies were
7 effectively unavailable to him.  See Albino, 747 F.3d at 1172.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Houston's unopposed motion for summary judgment, ECF No. 40, is granted; and

2. Houston is dismissed as a defendant to this action, which shall proceed against Defendant Sulma only.

Dated: October 14, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE